## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARTY LORENZO WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 14-558 (ESH)** |
| ) | |
| **UNITED STATES DEPARTMENT** ) | |
| **OF JUSTICE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM OPINION

Plaintiff Marty Lorenzo Wright brings this action against the United States Department of Justice, alleging that the Executive Office for United States Attorneys ("EOUSA") violated the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), by failing to conduct a search for documents responsive to his FOIA request. (Compl. [ECF No. 2] ("Compl.") ¶ 9.) Before this Court are defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment. (Mem. of P. & A. in Supp. of Mot. for Summ. J. [ECF No. 10] ("Def.'s Mot."); Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot. for Summ. J., and in Supp. of Pl.'s Cross-Mot. for Summ. J. [ECF No. 12-1] ("Pl.'s Opp.").) For the reasons stated herein, defendant's motion will be denied and plaintiff's motion will be denied without prejudice.

### BACKGROUND

**I.    PLAINTIFF'S CONVICTION**

In March 1997, plaintiff was found guilty on numerous charges related to a drug trafficking conspiracy, including operating a continuing criminal enterprise. *See United States v. Wright*, 155 F.3d 564 (4th Cir. 1998) (per curiam). Sixty-three witnesses testified for the

government at trial, many of whom testified about their own criminal activities.  (*See* Def.'s Mot. at 1-3.)  Defendant explains that "at least five individuals who testified against [plaintiff] did so by agreement with the government."[1]  (*Id.* at 3.)

## II.   PLAINTIFF'S FIRST FOIA REQUEST

On May 30, 2013, plaintiff made a FOIA request to the United States Attorney's Office in Virginia for the following information:

> 1.  Names of all individuals granted Immunity in the case of United States v. Marty Lorenzo Wright . . . .
> 2.  Copies of Immunity letters issued in . . . United States v. Marty Lorenzo Wright.
> 3.  Names of Agents, Prosecutor, and/or Judge who issued and signed the Immunity Agreements in the case of United States v. Marty Lorenzo Wright. . . .

(Def.'s Mot, Ex. A [ECF No. 10-2].)  The EOUSA, responding on behalf of the United States Attorney's Office, denied plaintiff's request, stating:

> It is the policy of the Execute Office neither to confirm nor deny that records concerning living third parties exist.  Further, any release to you of such records, if they do exist, would be in violation of the Privacy Act. 5 U.S.C. § 552a. The requested material would also be exempt from release pursuant to 5 U.S.C. § 552(b)(6) and/or (b)(7)(C) which pertain to records whose disclosure would result in an unwarranted invasion of personal privacy.

(Def.'s Mot., Ex. B [ECF No. 10-2].)  The Office of Information Policy denied plaintiff's subsequent appeal, explaining:

> To the extent that responsive records exist, without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably

---

[1] To support this assertion, defendant cites plaintiff's brief appealing his conviction.  *See* Brief for Appellant, *United States v. Wright*, 155 F.3d 464 (4th Cir. 1998) (No. 97-4554), 1997 WL 33493154, at *24 ("The government failed to show that [plaintiff] was in a position of organizer or manager with respect to the alleged drug distribution.  The government relied on the testimony of five indicted coconspirators. These individuals had agreed to testify about their involvement with [plaintiff].").  Neither party explains whether the identities of all of these individuals are known or whether there might have been additional individuals who received immunity agreements from the government.

be expected to constitute an unwarranted invasion of personal privacy.  Because
any records responsive to your request would be categorically exempt from
disclosure, EOUSA properly asserted Exemption 7(C) and was not required to
conduct a search for the requested records.

(Def.'s Mot., Ex. D [ECF No. 10-2] (citation omitted).)

## III.   PLAINTIFF'S SECOND FOIA REQUEST

On November 30, 2013, Jeremy Gordon, an attorney, submitted the following FOIA

request to the EOUSA on plaintiff's behalf:

I request that I be provided with copies of any and all documents, notes, and other
records reflecting a grant of immunity or non prosecution to individuals who
testified or cooperated in any fashion in *United States v. Marty Lorenzo Wright*.
To the extent responsive records may be subject to redaction, I request all
reasonably segregable portions of all responsive records.

(Def.'s Mot., Ex. E [ECF No. 10-2] (citation omitted).)  Defendant explains that the "EOUSA

interpreted this request as a duplicate of the first request" and therefore "did not respond to

plaintiff's second request."  (Def.'s Mot., Decl. of David Luczynski [ECF No. 10-1] ("Luczynski

Decl.") ¶ 14.)

On April 3, 2014, plaintiff filed suit, seeking to compel defendant to produce the records

described in his second FOIA request.  (Compl. ¶ 11.)  Both parties have now moved for

summary judgment.

## ANALYSIS

## I.   STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence show that "there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48

(1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  On "summary judgment the

inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable

to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (alteration in original) (internal quotation marks omitted); *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); *see also Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).  In FOIA cases, "the burden is on the agency to sustain its action."  5 U.S.C. § 552(a)(4)(B).  A court may grant summary judgment based solely on an agency's affidavits "if the affidavits describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

## II.   LEGAL FRAMEWORK

"[FOIA] was enacted to facilitate public access to Government documents."  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  The statute provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  "An agency must disclose agency records to any person under § 552(a), unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b)." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989) (internal quotation marks omitted).

Defendant asserts that two exemptions are applicable to plaintiff's request.  (*See* Def.'s Mot. at 7-9.)  The first is Exemption 6, which protects "personnel and medical files and similar

files the disclosure of which would constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6).  The second is Exemption 7(C), which protects "records or

information compiled for law enforcement purposes, but only to the extent that the production of

such law enforcement records or information . . . could reasonably be expected to constitute an

unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C).  In applying both Exemptions 6

and 7(C),[2] courts "balance the privacy interests that would be compromised by disclosure against

the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968

F.2d 1276, 1281 (D.C. Cir. 1992).

## III.    THE EOUSA'S CATEGORICAL DENIAL

Defendant concedes that the "EOUSA has neither conducted a search for responsive

records, nor conducted a segregability review of any responsive records that may exist."  (Def.'s

Mot. at 14.)  Defendant justifies this so-called "categorical denial" on the grounds that plaintiff's

"request is for third party information," for which the EOUSA "requires that the requester

provide either a written authorization from the third party . . ., proof that the subject of the

request is deceased, or a meaningful evidentiary showing that the public interest in disclosure

sufficiently outweighs the privacy interests of the third party."  (Luczynski Decl. ¶¶ 16-17 (citing

28 C.F.R. § 16.3(a)).)  Defendant argues that "records . . . about individuals' immunity and

immunity agreements are clearly records compiled for law enforcement purposes, the disclosure

of which would constitute both an unwarranted invasion of personal privacy and a clearly

unwarranted invasion of personal privacy under exemption 6 or 7(c)."[3]  (*Id.* ¶ 26.)

---

[2] The D.C. Circuit has noted that "the privacy inquiries of Exemptions 6 and 7(C) are essentially
the same." *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1125 (D.C. Cir. 2004).

[3] While the agency originally refused to confirm or deny the existence of the records plaintiff
sought – the so-called *Glomar* response – the agency now believes that "the *Glomar* response

The Supreme Court has explained that "categorical decisions may be appropriate and individual circumstances disregarded when a case fits into a genus in which the balance characteristically tips in one direction." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989).  In *Reporters Committee*, plaintiff "sought disclosure of any arrests, indictments, acquittals, convictions, and sentences" of four individuals with organized-crime associations.  *Id.* at 757.  The Court held that such "rap sheet" information was categorically protected by Exemption 7(C).  *See id.* at 780 ("[W]e hold as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy . . . .").

The D.C. Circuit clarified the scope of the third-party categorical exemption in *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197 (D.C. Cir. 1991).  The plaintiff in *SafeCard* sought documents related to an SEC investigation, and, pursuant to Exemption 7(C), the agency "deleted the names and addresses of third parties mentioned in witness interviews, of customers listed in stock transaction records . . ., and of persons in correspondence with the SEC."  *Id.* at 1205.  The Circuit affirmed these redactions, holding "categorically that, unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure."  *Id.* at 1206.  The D.C. Circuit affirmed the *SafeCard* rule in *Nation Magazine v. United States Customs Service*, 71 F.3d 885 (D.C. Cir. 1995), noting that "to the extent any information contained in 7(C) investigatory files would reveal the identities of individuals who are subjects, witnesses, or informants in law

---

does not apply" and is relying exclusively on a "third party categorical denial."  (Luczynski Decl. ¶¶ 6, 14, 16.)

enforcement investigations, those portions of responsive records are categorically exempt from disclosure." *Id.* at 896; *see also Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 666 (D.C. Cir. 2003) ("Assuming that the 'private' individuals mentioned in the records are living, their names and identifying information are presumptively exempt from disclosure under the *Safecard* rule."). The Circuit, however, has cautioned that *SafeCard* does not "permit[] an agency to exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provides that person's name and address." *Nation Magazine*, 71 F.3d at 896; *accord Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1094 (D.C. Cir. 2014).

Following *SafeCard*, several courts in this Circuit have upheld categorical refusals to search for records of specified third parties where such searches would reveal only protected information. In *Blackwell v. FBI*, 646 F.3d 37 (D.C. Cir. 2011), plaintiff submitted several FOIA requests "for, among other things, all documents related to key witnesses in his trial." *Id.* at 39. The FBI conducted a search using only plaintiff's name and identified thousands of responsive documents. *Id.* Plaintiff argued that the FBI's search was inadequate "because the Bureau did not search its database using the names of individuals he had specifically mentioned in his request." *Id.* at 42. The Circuit held that "the FBI was correct in declining to search for such documents" because "a search for records 'pertaining to' specific individuals would have added only information that [the Circuit had] concluded is protected by Exemption 7(C)." *Id.* (citation omitted); *see also Black v. U.S. Dep't of Justice*, No. 13-cv-1195, 2014 U.S. Dist. LEXIS 133039, at *1, *29-30 (D.D.C. Sept. 23, 2014) (affirming categorical denial to respond to a request "seeking all criminal files . . . referencing Aida Prendushi and all tape recordings and wiretaps which reference Ms. Prendushi"); *Lewis v. U.S. Dep't of Justice*, 609 F. Supp. 2d 80,

82, 84 (D.D.C. 2009) (affirming categorical denial to search for "records pertaining to 'any investigation performed concerning Sarah Blair's employment with Orchid Cellmark'" under Exemption 7(C)), *aff'd* No. 09-5225, 2010 U.S. App. LEXIS 7367 (D.C. Cir. Apr. 7, 2010).

Defendant urges the Court to follow *Blackwell*, arguing that "any information that [plaintiff] requested would be applicable to third parties" only and would not "shed light on . . . the operation and activities of the Executive Branch." (Def.'s Mot. at 14 (quoting Luczynski Decl. ¶¶ 23, 30).) Plaintiff responds that his request is distinguishable from the request in *Blackwell* inasmuch as he is not asking for records related to any named individuals. (*See* Pl.'s Opp. at 1.)

Defendant's categorical refusal to search for the records plaintiff requests is only appropriate if, in balancing "the privacy interests that would be compromised by disclosure against the public interest in release of the requested information," *Davis*, 968 F.2d at 1281, "the balance characteristically tips" toward nondisclosure. *Reporters Comm.*, 489 U.S. at 776. Turning first to the public interest side of the ledger, the Court is not persuaded by defendant's contention that the requested documents could not reveal information about the operations and activities of the Executive Branch. "[M]atters of substantive law enforcement policy . . . are properly the subject of public concern." *Id.* at 766 n.18. In *Citizens for Responsibility & Ethics in Washington*, the D.C. Circuit found a "weighty public interest" in "records [that] would likely reveal much about the diligence of the FBI's investigation and the DOJ's exercise of its prosecutorial discretion." 746 F.3d at 1092-93; *see also Showing Animals Respect & Kindness v. U.S. Dep't of Interior*, 730 F. Supp. 2d 180, 195 (D.D.C. 2010) ("[T]he public has an interest in finding out whether and under what circumstances certain individuals receive preferential treatment from government investigators and prosecutors."). In the present case, plaintiff has

8

requested "any and all documents, notes, and other records reflecting a grant of immunity or non

prosecution to individuals who testified or cooperated in any fashion in *United States v. Marty*

*Lorenzo Wright*."  (Def.'s Mot., Ex. E [ECF No. 10-2].)  The Court disagrees with defendant that

this request is identical to plaintiff's original request, which was confined to the immunity

agreements themselves.[4]  (*See* Luczynski Decl. ¶ 14.)  The request for "any and all documents,

notes, and other records reflecting a grant of immunity" could reach, for example, notes outlining

the rationale for offering a particular witness immunity.  Such documents might shed light on

how the U.S. Attorney's Office in Virginia exercises its prosecutorial discretion.  As such, the

Court cannot categorically conclude that plaintiff's request could not possibly yield any

information of public interest.

　　　　With respect to the privacy interests implicated by plaintiff's request, defendant has

failed to demonstrate that the requested material would necessarily reveal protected information.

The D.C. Circuit has made clear that the categorical *SafeCard* rule exempts from disclosure "any

information contained in 7(C) investigatory files [that] would reveal the identities of individuals

who are subjects, witnesses, or informants in law enforcement investigations."  *Nation*

*Magazine*, 71 F.3d at 896.  If plaintiff were requesting information about a named individual, as

in *Blackwell*, defendant could potentially argue that every document produced would necessarily

reveal protected personal details, since the request *itself* would link the documents to the

individual's identity.  In the present case, however, plaintiff is not asking for documents related

to any particular person.  Indeed, neither party has asserted that the identities of the people who

received immunity are public knowledge.  A search might therefore uncover responsive

---

[4] Indeed, defendant acknowledges that plaintiff's second request is "more broad" and
"encompass[es] even more information about immunity."  (Luczynski Decl. ¶ 15.)

documents that could be redacted to protect the identities of any named individuals.  *See id.* (holding that an agency may not "exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen"); *Marino v. Drug Enforcement Admin.*, 15 F. Supp. 3d 141, 157 (D.D.C. 2014) ("The DEA puts forth no reason why redactions or selective withholding will not suffice to protect any existing privacy interests.").  The search could also reveal documents that do not themselves contain personal information but merely describe the decision-making process culminating in the immunity agreements.  *See Bartko v. U.S. Dep't of Justice*, No. 13-cv-1135, 2014 U.S. Dist. LEXIS 107109, at *22 (D.D.C. Aug. 5, 2014).  In light of the breadth of the request and the absence of any evidence about what the search would produce, the Court cannot conclude that all responsive documents will so impinge on third parties' privacy rights as to be exempt from disclosure.  *See Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984) ("Because the myriad of considerations involved in the Exemption 7(C) balance defy rigid compartmentalization, per se rules of nondisclosure based upon the type of document requested, the type of individual involved, or the type of activity inquired into, are generally disfavored.").

## CONCLUSION

Since plaintiff has requested documents that could reveal information of public interest, which could be redacted to protect third-party privacy interests, this is not a case where the balance between privacy and public interest "characteristically tips in one direction."  *Reporters Comm.*, 489 U.S. at 776.  The Court will therefore DENY defendant's motion for summary judgment [ECF No. 10] and DENY plaintiff's cross-motion for summary judgment [ECF No.

12] without prejudice.[5]  The government should conduct a search for documents responsive to plaintiff's November 30, 2013 FOIA request and produce all documents it is not withholding pursuant to a FOIA exemption.  Defendant should file a renewed motion for summary judgment on or before May 30, 2015.  Plaintiff has until June 20, 2015 to file his opposition, and defendant has until June 29, 2015 to file its reply.  An Order consistent with this Memorandum Opinion will be issued on this day.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   March 16, 2015

---

[5] The Court will deny without prejudice plaintiff's cross-motion for summary judgment, because he is not entitled to the relief he seeks in his complaint: namely, that defendant be compelled "to produce the records" described in his FOIA request.  (Compl. ¶ 11.)